UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

ABDULKADIR M. AFRAH

    Petitioner,

vs.

JANET NAPOLITANO, Secretary,
Department of Homeland Security

    Respondent.

CASE NO. 4:12-CV-1903

OPINION & ORDER
[Resolving Doc. No. 1]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the court is *pro se* petitioner Abdulkadir M. Afrah's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 and request for mandamus action. (Doc. No. 1). Afrah, who is incarcerated at the Northeast Ohio Correctional Center (N.E.O.C.C.) in Youngstown, Ohio, brings this action against Janet Napolitano, Secretary of the Department of Homeland Security (DHS). He seeks an Order from this Court removing an immigration detainer lodged against him, or show cause why the detainer is justified. For the reasons set forth below, the Court DENIES the petition.

**I. Background**

Afrah describes himself as a native of Somalia and citizen of Canada. He claims he lawfully entered the United States in 1997 and became a lawful permanent resident.

Case No. 4:12-CV-1903
Gwin, J.

On February 22, 2011, a three count criminal complaint was filed against Afrah in the United States District Court of Minnesota. *See http://ecf.wiwd.uscourts.gov* (*United States v. Afrah*, No. 0:11cr0067 (D. Minn. 2011)(Frank, J.))[1] Afrah later pled guilty to Honest Services Wire Fraud in violation of 18 U.S.C. §§ 1343 and 1346. *Id.* (Doc. No. 15). United States District Court Judge Donovan W. Frank sentenced Afrah on June 24, 2011 to serve 21 months in prison. *Id.* (Doc. No. 22). Afrah is scheduled for release from prison on March 15, 2013. *See* http://www.bop.gov/iloc2/LocateInmate.jsp.

The DHS sent an Immigration Detainer-Notice of Action ("detainer") to N.E.O.C.C., dated February 15, 2012. The detainer advised N.E.O.C.C. that Afrah was under investigation to determine whether he is subject to removal from the United States. Further, DHS requested N.E.O.C.C. (1) maintain custody of Afrah beyond his release date, but no more than 48 hours; (2) notify DHS 30 days prior to Afrah's release; (3) notify DHS of Afrah's transfer, death or hospitalization; and (4) provide Afrah a copy of the detainer. (Pet.'s Ex. 2.)

Afrah asserts the detainer must be removed because he is not deportable. Maintaining he has been a lawful permanent resident for 14 years, Afrah argues his criminal conviction does not render him deportable. Quoting the statute that identifies different classes of deportable aliens, Afrah remarks that aliens who are lawful permanent residents are only deportable if convicted of a crime involving moral turpitude within 10 years after their date of admission to the United States. *See* 8 U.S.C. § 1227(a)(2)(A)(i)(I). He asserts he committed a crime involving moral

---

[1] The Court relied, in part, on the Public Access to Court Electronic Records (PACER) for detailed case and docket information.

Case No. 4:12-CV-1903
Gwin, J.

turpitude 14 years after his admission as a lawful permanent resident to the United States. Based on this reasoning, Afrah maintains the detainer must be removed because he does not qualify as a deportable alien.

Having a detainer lodged against him, Afrah complains, makes him ineligible for transfer to a prison camp or release to a Community Corrections Center (C.C.C.) As such, he seeks either mandamus or habeas relief to remove the detainer or show cause why it should not be removed.

## II. Legal Standards

This matter is before the court for initial screening. *See* 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970). Where, as here, Petitioner has not met his burden the petition must be denied.

## III. Analysis

A. Lack of Jurisdiction - 28 U.S.C. § 2241

A district court shall direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Therefore, a

-3-

Case No. 4:12-CV-1903
Gwin, J.

court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Braden*, 410 U.S. at 495.

Here, Afrah's custodian is the warden at N.E.O.C.C.  While this Court has personal jurisdiction over his custodian, Afrah is seeking an Order to compel Secretary Napolitano to remove the detainer lodged by the DHS.  Afrah is not, however, in DHS custody.

The lodging of a detainer, without more, is insufficient to render an alien "in custody" for habeas purposes. *Prieto v. Gluch*, 913 F.2d 1159, 1162–64 (6th Cir. 1990), *cert. denied*, 498 U.S. 1092 (1991).  Unlike other orders issued by immigration authorities, a detainer does not put a "hold" on the alien.  *Id.* at 1164. A detainer usually serves only as a notice to federal prison authorities that the DHS is going to decide the deportability of the alien in the future. *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988).  Unless and until the DHS takes Afrah into physical custody, it has no actual claim to the him before he completes his criminal sentence.  Therefore, this Court is without jurisdiction to review Afrah's claim as he is not in DHS custody.  *See* 28 U.S.C. § 2241(c) (providing that a § 2241 habeas petition will not issue unless the petitioner is in custody).

B.  Mandamus Act - 28 U.S.C. § 1361

Petitioner's reliance on the Mandamus Act is similarly misplaced. The Act vests district courts with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  To establish either jurisdiction or entitlement to the writ, a court must find that a duty is owed to the plaintiff. *See Vishnevsky v. United States*, 581 F.2d 1249, 1253 n. 4

Case No. 4:12-CV-1903
Gwin, J.

(7th Cir.1978).

A "duty is owed to the plaintiff" within the meaning of section 1361, only if there exists a "mandatory or ministerial obligation. *See United States v. Battisti*, 486 F.2d 961, 964 (6th Cir.1973) (quoting *Albert v. United States Dist. Court*, 283 F.2d 61, 62 (6th Cir.1960), *cert. denied*, 365 U.S. 828 (1961)). If the alleged duty is discretionary or directory, the duty is not 'owed.' " *Short v. Murphy*, 512 F.2d 374, 377 (6th Cir.1975).

Although Afrah complains that the detainer is adversely affecting his eligibility for early release programs, he has no Constitutional or statutory right which creates a liberty interest in early release. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983) (where statute leaves decisionmaker with unfettered discretion over grant or denial of benefit, no liberty interest in that benefit); *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979) (no generalized constitutional right to reduced sentence). The fact that Afrah's eligibility for these programs may be adversely affected by the detainer does not implicate the infringement of a Constitutional right. *See Moody v. Daggett*, 429 U.S. 78, 86-87, 88 n. 9 (1976)(a detainer which adversely affects a prisoner's classification and eligibility for rehabilitative programs does not activate a due process right); *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Kenner v. Martin*, 648 F.2d 1080, 1081 (6th Cir.1981) (per curiam); *Watkins v. United States*, 564 F.2d 201, 206 (6th Cir.1977). Accordingly, Afrah is not entitled to habeas or mandamus relief from this Court.

### IV. Conclusion and Order

Based on the foregoing, the petition is DENIED pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

Case No. 4:12-CV-1903
Gwin, J.

in good faith.

    IT IS SO ORDERED.


Dated: August 13, 2012                      *s/     James S. Gwin*
                                                                 JAMES S. GWIN
                                                                 UNITED STATES DISTRICT JUDGE